UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**
ex. rel. **GREGORY CHABOT,**

        **Plaintiff,**

-vs-                                    Case No. **6:06-cv-1534-Orl-19KRS**

**WESTGATE HOMES, INC.,**

        **Defendant.**
_____

## ORDER

This case comes before the Court on the following:

1. Plaintiff Gregory Chabot's Motion To Dismiss Counterclaim (Doc. No. 18, filed Dec. 28, 2007); and

2. Defendant Westgate Homes, Inc.'s Response To Plaintiff Chabot's Motion To Dismiss Counterclaim (Doc. No. 19, filed Jan. 7, 2008).

Gregory Chabot brought this case under seal as a *qui tam* Plaintiff against Defendant Westgate Homes, Inc. alleging a violation of the False Claims Act, 31 U.S.C. §§ 3729-33 (2006). (Doc. No. 1, filed Oct. 2, 2006.) The United States of America declined to intervene, and the case has since been unsealed. (Doc. No. 2, filed Aug. 8, 2007; Doc. No. 3, filed Aug. 21, 2007.) Defendant filed an Answer in which it denied Plaintiff's claims, alleged two affirmative defenses, and asserted a Counterclaim for attorneys' fees under 31 U.S.C. § 3730(d)(4). (Doc. No. 14, filed Dec. 14, 2007.) Plaintiff moves to dismiss the Counterclaim as procedurally improper, and Defendant has filed a Response in opposition to this Motion. (Doc. No. 18, filed Dec. 28, 2007; Doc. No. 19, filed Jan. 7, 2008.)

Plaintiff argues that Defendant's Counterclaim is improper because it "fails to state a cause of action since § 3730(d)(4) does not create an independent cause of action." (Doc. No. 18 at p. 1, ¶ 1.) Instead, Plaintiff claims, "a claim for fees and costs must be made by motion only if [Defendant] prevails and can establish that the claims were objectively frivolous, vexatious or brought for the purpose of harassment." (*Id.*) Defendant responds that "it is unsettled whether [a] counterclaim is available in the case of attorney's fees and costs pursuant to 31 U.S.C. § 3730(d)(4)." (Doc. No. 19 at p. 2, ¶ 4.) As a result, Defendant explains, "If such a counterclaim is found to be available, [Defendant] would have been at risk of waiving the claim if it were not brought in its responsive pleading to Plaintiff's Complaint." (*Id.*)

Case law clarifies that unless otherwise specified by statute, a request for an award for attorneys' fees is "simply a demand for a particular remedy" rather than an independent cause of action. *E.g.*, *Valcon II, Inc. v. United States*, 26 Cl. Ct. 393, 398 (Cl. Ct. 1992). Under Federal Rule of Civil Procedure 54, "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).[1] The applicable statute under the False Claims Act provides:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

---

[1] The Advisory Committee explained that attorneys' fees are "typically to be claimed in a pleading" when they are sought as an element of damages under substantive law. Fed. R. Civ. P. 54 advisory committee's note (1993 Amendments). However, the Advisory Committee is silent as to pleading requirements when such fees are not sought as an element of damages.

31 U.S.C. § 3730(d)(4). This Section does not require that the fees be proven at trial as an element of damages; therefore, the proper procedural mechanism to seek attorneys' fees under the False Claims Act is by motion.

The Eleventh Circuit Court of Appeals has explained that a party's failure to plead a demand for attorneys' fees will not usually bar that party from later seeking attorneys' fees. *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270-71 (11th Cir. 2000) (citing *Engel v. Teleprompter Corp.*, 732 F.2d 1238, (5th Cir. 1984)). The Eleventh Circuit grounded its reasoning in Federal Rule of Civil Procedure 54, which states: "Every . . . final judgment should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). However, the Eleventh Circuit also supported its decision by explaining that there was no prejudice in considering an award of attorney's fees in the case before it because both parties were on notice that attorneys' fees could be sought due to the underlying contract that allowed an award of attorneys' fees to the prevailing party. *Capital Asset Research Corp.*, 216 F.3d at 1271. This suggests that, in a different case, the Eleventh Circuit might find that an award of attorneys' fees should not be granted because such an award would cause unfair surprise and prejudice to the party against whom the fees were sought. Therefore, while a party may not be required to plead attorneys' fees in all cases, such a pleading is certainly permissive and even recommended when arguments of unfair surprise and prejudice might later arise.

Thus, as a matter of procedural technicality, Defendant erred in labeling its demand for attorneys' fees as a Counterclaim, and therefore the language designating it as such is stricken *instanter* from Defendant's Answer. However, the substance of the demand in Defendant's Answer

is appropriate, as it gives Plaintiff notice that such an award will be sought if Defendant prevails and the statutory requirements are satisfied.  Therefore, the Court will not strike the demand itself.

Based on the foregoing, Plaintiff's Motion to dismiss Defendant's Counterclaim is **GRANTED IN PART AND DENIED IN PART**.  (Doc. No. 18.)  The Court orders that the language designating Defendant's demand for attorneys' fees as a Counterclaim be stricken but that the demand itself be preserved.  Defendant has leave to file an Amended Answer that comports with this Order within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February  8 , 2008.

/s/ Patricia C. Fawsett
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record